IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY L. GIFFORD                                                                                         PLAINTIFF

v.                                              Case No. 2:12-CV-02215

CAROLYN W. COLVIN, Commissioner of
Social Security Administration                                                                        DEFENDANT

### ORDER

The Court has received proposed findings and recommendations (Doc. 11) from Chief United States Magistrate Judge James R. Marschewski. Plaintiff timely filed objections to the Magistrate's report and recommendations. Defendant has not filed a response to Plaintiff's objections, and the response period has passed. After reviewing the record *de novo* as to Plaintiff's objections, the Court declines to adopt the report and recommendations and finds that the decision of the Administrative Law Judge ("ALJ") should be reversed and this case remanded for further consideration.

In reviewing the record *de novo* as to Plaintiff's objections, the Court must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). "Substantial evidence 'is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.'" *Maresh v. Barnhart*, 438 F.3d 897, 898 (8th Cir. 2006) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The "court will 'consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.'" *Id*. (quoting *McKinney*, 228 F.3d at 863).

The ALJ must go through the following sequential analysis to determine if a claimant is disabled: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of

impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. § 404.1520(a)-(f).

Plaintiff Tammy L. Gifford argues that the consultative medical examination ordered by the ALJ was improperly performed by a nurse practitioner with no assistance or approval from a licensed physician. Gifford argues that the nurse practitioner's findings were not actually signed by a licensed physician but, rather, the nurse practitioner simply rubber-stamped the physician's signature on the evaluation. The Commissioner does not appear to contest that the exam was performed by a nurse practitioner, but argues that the nurse practitioner's opinion was validly considered by the ALJ[1] as an acceptable "other source." The Commissioner also argues that the use of nurse practitioners is commonplace and that Gifford failed to object to the fact that her examination was conducted by a nurse practitioner.

The Commissioner's arguments miss the mark. While it may be commonplace to use a nurse practitioner and the ALJ may be able to consider the nurse practitioner's opinion, the problem in this case appears to be that—discounting the nurse practitioner's evaluation as well as that of Gifford's chiropractor—no licensed physician examined Gifford and made findings as to any work-related limitations she might have due to her impairments. Furthermore, Gifford cannot be charged with knowing, at the time of the hearing, how the ALJ was going to treat the nurse practitioner's findings and what weight the ALJ was going to give those findings. It does not appear that Gifford is objecting to fact that a nurse practitioner conducted the examination, *per se*, but rather to the fact

---

[1] The Court notes that the ALJ did not recognize, in his opinion, that the consultative examination was performed by a nurse practitioner, but instead attributes the findings resulting from the examination to Dr. Becky Floyd herself.

the nurse practitioner's findings were weighed more heavily in the balance than they perhaps should have been, given that they were not the findings of a licensed physician.

"It is . . . well settled law that it is the duty of the ALJ to fully and fairly develop the record, even when, as in this case, the claimant is represented by counsel." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). "Some medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003) (internal citation and quotations omitted). "In evaluating a claimant's RFC, the ALJ is not limited to considering medical evidence, but is required to consider at least some supporting evidence from a professional." *Id*.

In the instant case, there is a lack of evidence from acceptable medical sources[2] to determine whether or to what extent Gifford has established impairments that limit her ability to function in a workplace. Although the ALJ did order a consultative examination in order to develop the record, it appears that the examination was improperly performed without the assistance of a licensed physician such that the findings cannot be relied upon to establish whether Gifford did or did not have certain medically determinable impairments. Without a full development of the record, the Court cannot find that the ALJ's formation of Gifford's RFC, and his ultimate decision to deny benefits are supported by substantial evidence on the record as a whole. On remand, the ALJ should order a consultative examination of Gifford, to be completed by or with the assistance of a licensed

---

[2] An individual who is not an acceptable medical source, as defined by 20 C.F.R. §§ 404.1502 and 416.902, cannot establish a medically determinable impairment. 20 C.F.R. §§ 404.1513(a)(d), 416.913(a)(d).

physician and to include an assessment of any and all work-related limitations caused by Gifford's impairments.

In light of the fact that the Court has found that the ALJ must more fully develop the record, the Court declines to reach the other issues raised by Gifford, including whether the ALJ properly assessed Gifford's credibility. Gifford's credibility should be re-assessed based on the record developed on remand. While the Court makes no finding as to whether the ALJ's assessment of Gifford's credibility in the instant matter was proper, the ALJ is encouraged to clearly explain any reasons for discrediting Gifford's testimony on remand and to assess Gifford's credibility using the proper *Polaski* factors.

The Court therefore declines to adopt the report and recommendations (Doc. 11) of the Magistrate.

IT IS THEREFORE ORDERED that the decision of the Administrative Law Judge is reversed, and this case is remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Judgment will be entered accordingly.

**IT IS SO ORDERED** this 24th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE